JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WILLIAMS, | Case No. CV 09-6644-OP |
| Plaintiff, | |
| v. | ORDER RE: DISMISSAL OF SOCIAL SECURITY COMPLAINT FOR FAILURE TO PROSECUTE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## I.
## PROCEEDINGS

On September 14, 2009, Timothy Williams ("Plaintiff"), represented by counsel, Marc V. Kalagian, filed a Complaint seeking the review of the denial of social security disability benefits. On September 25, 2009, the Court issued its case management order. In accordance with the case management order, the parties were to engage in good faith settlement negotiations and, in the event that a settlement could not be reached, the parties were to cooperate in the preparation of a joint stipulation containing a summary of the case and disputed issues.

1

On June 7, 2010, an order was entered granting Plaintiff's counsel's motion to withdraw as attorney of record. The Court gave Plaintiff forty-five days to retain counsel and file a Motion for Summary Judgment or Joint Stipulation in accordance with case management order. Plaintiff did not respond to the Court's order.

Accordingly, on July 30, 2010, the Court issued a Order to Show Cause ("OSC") why this case should not be dismissed for failure to prosecute and/or comply with a Court order. The Court cautioned Plaintiff that his failure to file a Motion for Summary Judgment or serve his portion of the Joint Stipulation upon Defendant, along with the filing of a proof of service with the Court no later than August 16, 2010, would result in the dismissal of this action without prejudice for failure to prosecute and/or comply with a Court order. To date, Plaintiff has not filed a response to the OSC, has not requested an extension of time to do so, and has not otherwise communicated with the Court.

For the reasons set forth below, the Court dismisses the Complaint without prejudice due to Plaintiff's failure to prosecute.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution

of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440.

Here, Plaintiff has failed to file a Motion for Summary Judgment or serve his portion of the Joint Stipulation in accordance with case management order, has failed to respond to the OSC, has not requested an extension of time to do so, and has not otherwise communicated with the Court. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. Thus, the first two factors weigh in favor of dismissal.

Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to file the aforementioned status report. Thus, the fourth factor weighs in favor of dismissal.

Finally, the Court attempted to avoid dismissal by granting Plaintiff additional time to comply with the Court's order and cautioned him that this action was subject to dismissal of the action for failure to prosecute. Plaintiff has failed to file a Motion for Summary Judgment or serve his portion of the Joint Stipulation in accordance with case management order, has failed to respond to the OSC, has not requested an extension of time to do so, and has not otherwise communicated with the Court. Thus, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the Court concludes that dismissal of the Complaint due to

Plaintiff's failure to prosecute is warranted.

## III.

## ORDER

IT IS THEREFORE ORDERED that the Complaint is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: September 1, 2010

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge

4